IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WILLIE E. NEWTON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 319-015 |
| | ) | |
| BRIAN OWENS, Member of Parole Board; TERRY E. BARNARD, Chairman of Board of Pardon and Parole; JAMES W. MILLS, Vice Chairman of Board of Pardon and Parole; WILLIAM CURRY, District Operation Manager, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Plaintiff, currently incarcerated at Johnson State Prison in Wrightsville, Georgia, has submitted a complaint for filing and seeks to proceed *in forma pauperis* ("IFP"). However, upon review of Plaintiff's filings, it is unclear whether he is attempting to assert a civil rights claim pursuant to 42 U.S.C. § 1983 or is attempting to petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Plaintiff filed his complaint on the form § 1983 complaint, and he asserts his parole was incorrectly revoked on July 15, 2015, because he was never prosecuted for the crime on which his parole revocation was based. (See doc. no. 1.) Thus, he alleges he is being held improperly at Johnson State Prison. (Id.) In his requested relief, Plaintiff seeks to "be immediately released from prison and paid for false imprisonment." (Id. at 8.)

To state a claim for monetary compensation pursuant to § 1983, a plaintiff must allege the violation of a right secured by the Constitution of the United States by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). To the extent Plaintiff seeks release from Johnson State Prison based on his July 15, 2015 parole revocation, a petition for habeas corpus relief naming his current custodian as the respondent would be the proper mechanism by which to request such relief. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus.").

Lastly, because it is unclear whether Plaintiff intends to proceed with a habeas corpus case or § 1983 civil rights case, it is also unclear whether Plaintiff, through his IFP motion, is contending he cannot pay the $5.00 habeas corpus filing fee or the $350.00 filing fee for an IFP civil rights complaint.

Accordingly, Plaintiff shall have fourteen days from the date of this Order to inform the Court by a written filing bearing the case caption above whether he intends to proceed with a § 1983 complaint or a habeas corpus petition. The Court **DIRECTS** the **CLERK** to include an appropriate form civil rights complaint used by incarcerated litigants in the Southern District of Georgia and a form habeas corpus petition with Plaintiff's service copy of this Order. Plaintiff should submit only <u>one form</u> in response to this Order.[1] Once

---

[1] If Petitioner wants to proceed with a civil rights complaint for damages and a habeas corpus petition requesting release from custody, he must proceed in two separate cases, requiring two separate filing fees or IFP motions.

Plaintiff makes his selection by returning the appropriate, the Court will consider the merits of Plaintiff's IFP motion. Failure to comply with the terms of this Order within fourteen days may result in a recommendation that this case be dismissed.

SO ORDERED this 5th day of February, 2019, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA