IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WILLIE E. NEWTON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 319-015 |
| | ) | |
| BRIAN OWENS, Member of Parole Board; | ) | |
| TERRY E. BARNARD, Chairman of Board | ) | |
| of Pardon and Parole; JAMES W. MILLS, | ) | |
| Vice Chairman of Board of Pardon and | ) | |
| Parole; WILLIAM CURRY, District | ) | |
| Operation Manager, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, currently incarcerated at Johnson State Prison in Wrightsville, Georgia, has submitted a complaint for filing and seeks to proceed *in forma pauperis* ("IFP"). (Doc. nos. 1, 2.) However, upon review of Plaintiff's filings, the Court was unable to determine whether he is attempting to assert a civil rights claim pursuant to 42 U.S.C. § 1983 or a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. By Order dated February 5, 2019, the Court explained to Plaintiff the difference between a § 1983 complaint and a habeas petition and instructed him to select which type of case he intended to bring. (See doc. no. 3.)

The Court instructed the Clerk to include an appropriate form civil rights complaint used by incarcerated litigants in the Southern District of Georgia and a form habeas corpus petition with Plaintiff's service copy of the February 5th Order. (Id. at 2-3.) The Court directed Plaintiff to make his selection as to a civil rights or habeas corpus case by completing and returning the appropriate form. (Id.) The Court cautioned Plaintiff he should submit only one form in response to the Order and his failure to comply with the terms of the February 5th Order within fourteen days may result in a recommendation that this case be dismissed. (Id. at 3.) Plaintiff did not respond to the Court's Order allowing him an opportunity to identify the type of case he wants to pursue, leaving the Court faced with the prospect of a stagnant case that cannot move forward.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't,

331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (holding court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Plaintiff's failure to comply with the terms of the Court's Order amounts not only to a failure to prosecute, but also an abandonment of his case. This Court will not allow a case to languish on its docket because a litigant fails to comply with the most basic instructions for informing the Court what type of case he intends to pursue and the basis for his claims. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff sought permission to proceed IFP, the Court finds that imposition of monetary sanctions is not a feasible sanction.

The Court recognizes that Plaintiff is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[1] See, e.g., Gormley v. Nix, No. 04-12374, 2005 WL 2090282, at *3-4 (11th Cir. Aug. 31, 2005); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is simply recommending dismissal without prejudice until such time as Plaintiff is willing to file his case and pursue it. See Mobin v. Mobin, No. 15-11439, slip op. at 2-3 (11th Cir. Oct. 7, 2015) (affirming dismissal without prejudice where incarcerated litigant refused to comply with multiple court instructions to select civil rights or habeas corpus relief).

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion to proceed IFP be **DENIED** as **MOOT**, (doc. no. 2), and this case be

---

[1] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3

**DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 5th day of March, 2019, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA